IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| L.J., as Next Friend and Parent of D.J. ) ) ) Plaintiff, ) ) vs. ) ) ) WARSAW R IX SCHOOL DISTRICT, ) Serve: Superintendent Shawn Poyser ) 20363 Lane of Champions ) Warsaw, Missouri 65335 ) ) And ) ) ERIC FINDLEY, Principal, ) 20363 Lane of Champions ) Warsaw, Missouri 65335 ) ) Defendants. ) | Case No. Division **JURY TRIAL DEMAND** |

## PETITION FOR DAMAGES

Plaintiff D.J., by and through his Next Friend and Parent, and the undersigned counsel, states and alleges as follows for his Petition for Damages against Defendant:

### Introduction

1. In violation of the Missouri Human Rights Act, and 42 U.S.C. §1983, Plaintiff was subjected to discrimination and harassment on the basis of his gender.

2. Plaintiff seeks compensatory and punitive damages against Defendants.

### Parties, Jurisdiction and Venue

3. Plaintiff D.J. is a resident of the State of Missouri and at all times relevant herein was a student at John Boise Middle School, within the Warsaw R IX School District.

4. Defendant Warsaw R IX School District and John Boise Middle School are places of public accommodation within the meaning of the Missouri Human Rights Act, R.S.Mo. §213.010 *et seq.*, which is owned, operated and/or managed on behalf of the state or an agency or subdivision thereof.

5. Defendant District exists and is organized under the laws of the State of Missouri.

6. Upon information and belief, Defendant Eric Findley is a Missouri resident.

7. At all times relevant herein, Defendant Findley was employed by the School District as the principal of John Boise Middle School. He acted individually and within the course and scope of his employment and/or agency with Defendant District.

8. The District is liable for Defendant Findley's actions described herein under the principles of vicarious liability, and/or respondeat superior and the laws of Missouri.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as the matter involves a question of federal law.

10. The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §1367.

11. Jurisdiction is proper over Defendants as the discriminatory acts occurred in the State of Missouri.

12. Venue is proper in this Court as the acts, omissions and occurrences giving rise to the claims occurred within Warsaw, Benton County, Missouri.

## Condition Precedent

13. Plaintiff filed a timely charge of discrimination with the Missouri Commission on Human Rights. *A copy of the charge is attached hereto as Exhibit A and incorporated herein by reference.*

14. Plaintiff thereafter received his Notice of Right to Sue issued by the Commission. *A true and accurate copy of the Notice is attached hereto as Exhibit B and incorporated herein by reference.*

15. This action is timely filed with the Court and plaintiff has met all conditions precedent to filing this action.

## Factual Allegations

16. Plaintiff at all times relevant herein was a student at John Boise Middle School, a place of public accommodation. Plaintiff was a student at John Boise Middle School during the 2014 – 2015 school year.

17. Plaintiff was discriminated against, harassed, assaulted and tormented on multiple occasions, during school hours and while on school grounds.

18. Plaintiff was also discriminated against, harassed, assaulted and tormented off school grounds but during school sanctioned events or activities.

19. Plaintiff was a new student during the 2014 – 2015 school year.

20. Plaintiff is a slighter and smaller build as compared to other male students.

21. Beginning the 2nd day of school, Plaintiff was discriminated against and harassed, based on his gender, and the discrimination and harassment continued throughout the school year.

22. The discrimination and harassment began with a male student calling Plaintiff names such as "faggot", and "little fuck". This same student also kicked Plaintiff and thereafter further assaulted him.

23. More specifically, on or about August 28, 2014, the male bully choked Plaintiff to the point of rendering him unconscious. As a result of the assault, Plaintiff suffered a broken jaw and required stitches in his chin.

24. Thereafter the discrimination, harassment and assaults continued but by various students, both male and female.

25. Throughout his time at John Boise Middle School, Plaintiff was called "faggot" or "fag" three to four times per week.

26. Plaintiff was kicked in the groin and continued to be called "faggot".

27. Plaintiff's parents reported the discrimination and harassment on multiple occasions during the first part of the school year, however, nothing was done to stop or prevent further discrimination or harassment of Plaintiff.

28. In late October/early November, the discrimination, harassment and assaults continued when a male student stuck his fingers in Plaintiff's anus through his clothing.

29. The incident was reported to Defendants and again, no action was taken.

30. This same student who discrimination against, harassed, and assaulted Plaintiff would regularly call Plaintiff "faggot" or "fag" in the locker room.

31. Thereafter in approximately January of 2015, one of the female students who had previously harassed and discrimination against Plaintiff, stuck a drumstick up Plaintiff's anus.

4

32. The discrimination and harassment was again reported yet no remedial action was taken. Moreover, the same female student stuck a drumstick up Plaintiff's anus on two other occasions within days to a week of when the initial incident was reported. Again, nothing was done.

33. In April of 2015, yet another incident occurred and was reported. More specifically, Plaintiff was pushed by a female student while in the hallway. As a result Plaintiff fell onto a table.

34. The same female student stole food out of Plaintiff's backpack and on the way to the track meet snapped a picture of Plaintiff, posted it on social media with the tag line "going to track with this fag".

35. Defendants continually failed to remedy the discrimination, harassment, and Assaults, failed to protect Plaintiff from such discrimination, harassment and assaults based on his gender.

36. Plaintiff was subjected to an ongoing pattern of discrimination and harassment based on his gender, during the 2014 – 2015 school year.

37. As a result of the discrimination and harassment, Plaintiff has experienced and will continue to experience emotional distress.

### COUNT I – Violation of the Missouri Human Rights Act
### (R.S.Mo. §213.010 *et seq.*)
### (Against Defendants)

38. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

39. Defendants' acts and omissions alleged herein are a violation of the Missouri Human Rights Act.

40. Defendant District and John Boise Middle School, are places of public accommodation, Plaintiff was subjected to discrimination/harassment, and assaults by other students, both male and female, during school hours, during school sanctioned events and activities, and on school premises.

41. The discrimination and harassment occurred on the basis of Plaintiff's gender.

42. Despite having knowledge of the discrimination and harassment, as well as the assaults, Defendants failed to protect Plaintiff and remedy the discrimination and harassment.

43. Plaintiff was deprived of the full, free and equal use and enjoyment of the school and its services by way of the Defendants' actions.

44. As a result of the discrimination, harassment and assaults on Plaintiff by fellow students, Plaintiff has suffered and will continue to suffer emotional distress.

45. The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference and/or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish and deter Defendants and others from like conduct.

46. At all times relevant herein, the above described individuals were agents, servants, and employees of Defendant District, and were at all times acting within the course and scope of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant District, making it liable for said actions under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants on Count I of the Petition, for an award of compensatory and punitive damages, for

costs herein expended, attorneys' fees, and for such other and further relief as this Court deems just and proper.

### Count II –Fourteenth Amendment 42 U.S.C.§ §1983
### (Against Defendants)

47. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

48. The above described conduct by Defendants violated the rights of Plaintiff to equal protection of the laws on the basis of gender, as guaranteed by the Fourteenth Amendment of the Constitution, and §1983 of Title 42 of the United States Code.

49. Defendants intentionally deprived Plaintiff of the full and equal benefits of education because of his gender.

50. The actions and conduct of the above described perpetrators as set forth herein, created a hostile, offensive and intimidating environment and detrimentally affected Plaintiff

51. The actions and conduct of the above described perpetrators as set forth herein was severe and pervasive and based on Plaintiff's gender and constituted discrimination based on his gender.

52. The discrimination suffered by Plaintiff is the result of a custom, practice or policy of Defendants that ignores or otherwise fails to address male student's complaints of gender discrimination and harassment.

53. The actions of the above described perpetrators as set forth herein would have detrimentally affected a reasonable person of the same gender in Plaintiff's position.

54. Despite having knowledge of such deprivation on the basis of Plaintiff's gender, Defendants failed to take corrective action or measures.

55. Defendants are liable for the actions taken against Plaintiff because of the complained of conduct, customs, and/or policies which deprived Plaintiff of his right to be free from discrimination, were created, implemented, approved, actively endorsed, and/or ratified by Defendant District, and individual Defendant Findley who was in part responsible for implementing customs and policies.

56. Defendant Findley was acting under the color of state statue, ordinance, regulation, custom, policy or usage.

57. As a direct result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages, including emotional distress.

58. Defendants acted with evil motive, or reckless or callous indifference to the rights of Plaintiff in handling complaints and failing to prevent or prohibit the complained of conduct, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendants and deter them and others from like conduct.

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendants on Count II of the Petition, for an award of compensatory damages, for an award of punitive damages, for costs expended, attorneys' fees, and for such other and further relief as the Court deems just and proper.

# COUNT III
## Denial of Substantive Due Process through Policy, Custom and Practice of failing to respond to or Prevent Discrimination and Harassment
## (42 U.S.C. 1983)
## (Against Defendant District)

59. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

60. While a student at John Boise Middle School, Plaintiff was subjected to a consistent pattern of discrimination and harassment based on his gender.

61. Defendant District had actual and/or constructive knowledge of the discrimination and harassment.

62. By rejecting and refusing to follow its written policy and refusing to intervene to prevent or stop the continuing pattern of unconstitutional misconduct toward Plaintiff, Defendant District encouraged and participated in the conduct and demonstrated a deliberate indifference to and/or tacit approval of the offensive acts.

63. By rejecting and refusing to follow its written policy and refusing to intervene to prevent or stop the continuing pattern of discrimination and harassment directed at Plaintiff, Defendant District chose to engage in an official policy of inaction,

64. Defendant District's custom and practice of inaction was a moving force and direct link to the discrimination and harassment suffered by Plaintiff.

65. Defendant District was aware of the discrimination and harassment, had the ability to control the situation and instead chose to do nothing to stop it.

66. Plaintiff has suffered physical pain and mental anguish as a direct and proximate result of Defendant's actions/inactions.

67. Defendant's conduct which caused damage to Plaintiff showed a complete indifference to and/or conscious disregard for the health and safety of Plaintiff and others similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendant on Count III of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendant, for costs expended, attorneys' fees and for such other and further relief as this Court deems just and proper.

## COUNT IV
### Negligent Infliction of Emotional Distress
### (Against Defendants)

68. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

69. Defendants breached the duty they owed to Plaintiff, as alleged in Counts I – III.

70. Defendants failed to promptly respond to and end the discrimination and harassment experienced by Plaintiff despite numerous complaints regarding such discrimination and harassment.

71. Defendant Findley should have realized that failing to promptly respond to and end the discrimination and harassment experienced by Plaintiff, and by subjecting Plaintiff to repeated and consistent discrimination and harassment by fellow students, it involved an unreasonable risk of causing emotional distress, when they knew of the discrimination and harassment to which Plaintiff was subjected.

72. As a direct and proximate cause of Defendants' negligence and carelessness, Plaintiff suffered medically diagnosable and medically significant emotional distress.

73. Plaintiff has incurred damages as a result of Defendants' negligence.

74. The actions and conduct set forth herein was outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Plaintiff, and therefore he is entitled to punitive damages from Defendants to punish them and to deter them and others from engaging in like conduct in the future.

75. At all times relevant herein, the above described individuals were agents, servants, and employees of Defendant District, and were at all such times, acting within the course and scope of their agency and employment, and/or their actions were expressly authorized by Defendant District, and/or their actions were ratified by Defendant District, making Defendant District liable for said actions under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants on Count IV of the Petition, for an award of compensatory and punitive damages, for costs expended and for such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all triable issues and claims.

Respectfully Submitted,

HOLMAN SCHIAVONE, LLC


 /s/ *Anne Schiavone*
Anne Schiavone, MO Bar #49349
Kathleen M. Dunnegan, MO Bar #63992
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
aschiavone@hslawllc.com
kdunnegan@hslawllc.com

ATTORNEYS FOR PLAINTIFF